223-13/MF
FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendants
Hapag-Lloyd Aktiengesellschaft
80 Pine Street
New York, NY 10005
Tel.: (212) 425-1900 | Fax: (212) 425-1901
Michael Fernandez, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AFFILIATED FM INSURANCE COMPANY,

                    Plaintiff,

    v.

BLUE ANCHOR LINE, KUEHNE & NAGEL
(IRELAND) INC., AND HAPAG LLOYD
AKTIENGESELLSCHAFT d/b/a HAPAG LLOYD,

                    Defendants
------------------------------------------------------------------x

**DEFENDANT HAPAG-LLOYD AKTIENGESELLSCHAFT ANSWER TO PLAINTIFF'S COMPLAINT AND <u>CROSS CLAIM</u>**

**13 CIVIL 2984
(Judge Gardephe)**

Defendant, HAPAG-LLOYD AKTIENGESELLSCHAFT ("HAPAG LLOYD") by its attorneys, Freehill, Hogan & Mahar LLP, as and for its Answer to the Complaint, alleges upon information and belief as follows:

1. Admit that this is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States Courts and of this Honorable Court, under Article III § 2 of the U.S. Constitution and 28 U.S.C. § 1333 but except as so admitted denies the remaining allegations contained in paragraph FIRST of the Complaint.

2. Deny knowledge and information sufficient to form a belief with respect to the allegations contained in paragraph SECOND of the Complaint.

402347.1

3. Admits that HAPAG LLOYD is a foreign business entity with principal place of business in Germany with an agent in the USA called HAPAG-LLOYD (AMERICA) INC. located at 399 Hoes Lane, Piscataway, NJ 08854 and that at all times relevant HAPAG LLOYD was in the business of common carriage of merchandise by water for hire, but except as so admitted denies knowledge and information sufficient to form a belief with respect to the remaining allegations contained in paragraph THIRD of the Complaint.

4. Admits that the vessel which transported the shipment which is the subject of this lawsuit was at all times relevant employed in the common carriage of merchandise by water for hire but except as so admitted denies knowledge and information sufficient to form a belief with respect to the remaining allegations contained in paragraph FOURTH of the Complaint.

5. Admits that the shipment was carried in a container from Cork, Ireland to New York under HAPAG LLOYD bill of lading HLCUDUB120400947 dated April 25, 2012 for certain agreed freight but except as so admitted denies knowledge and information sufficient to form a belief with respect to the remaining allegations contained in paragraph FIFTH of the Complaint.

6. Denies the allegations contained in paragraph SIXTH of the Complaint.

7. Deny knowledge and information sufficient to form a belief with respect to the allegations contained in paragraph SEVENTH of the Complaint.

8. Denies the allegations contained in paragraph numbered EIGHTH of the Complaint.

**AS AND FOR A CROSS CLAIM AGAINST CO-DEFENDANTS**
**<u>BLUE ANCHOR LINE, KUEHNE & NAGEL (IRELAND) INC.</u>**

9. This Cross Claim is made <u>strictly WITHOUT PREJUDICE TO OR WAIVER OF the</u>

402347.1

<u>applicability and enforceability of any and all jurisdictional provision(s) contained in the applicable bill(s) of lading, booking note(s) tariff or otherwise; all said jurisdictional defenses are hereby expressly reserved.</u>

10. To the extent the cargo referred to in the Complaint sustained any loss, damage or shortage as alleged, which is denied, such loss, damage or shortage resulted from and was caused by the acts, omissions, fault, negligence breach of contract (express or implied), and/or breach of warranty of and/or by Co-Defendants BLUE ANCHOR LINE, KUEHNE & NAGEL (IRELAND) INC. or their respective agents, servants or representatives and without any fault on the part of HAPAG LLOYD.

11. Therefore, if HAPAG LLOYD is liable to plaintiff, whether by judgment or settlement, which is denied, then HAPAG LLOYD is entitled to indemnity and/or contribution from Co-Defendants BLUE ANCHOR LINE, KUEHNE & NAGEL (IRELAND) INC. including but not limited to recovery of attorneys fees and cost incurred by HAPAG LLOYD in defending against Plaintiff's claim.

## <u>FIRST AFFIRMATIVE DEFENSE</u>

1. This litigation must be dismissed pursuant to a mandatory and exclusive German foreign forum selection clause in the applicable bill(s) of lading, booking note(s) and/or tariff.

## <u>SECOND AFFIRMATIVE DEFENSE</u>

2. Plaintiff failed to give timely notice as to the alleged damage or loss and/or plaintiff's claims are time barred, in whole or in part, by the applicable legislation, dock receipts, bills of lading, tariffs, charters, contracts of affreightment and/or service contracts.

### THIRD AFFIRMATIVE DEFENSE

3. Any loss or damage to the shipment/goods as alleged in the Complaint, which is denied, was caused by or contributed to by Plaintiff and/or other third-parties, and not by defendant(s).

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff is not the real party in interest or proper plaintiff to assert the claims set forth in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff has failed to include in its Complaint indispensable parties to the action.

### FIFTH AFFIRMATIVE DEFENSE

6. The shipments/goods described in the Complaint were received, loaded, carried, discharged and/or delivered subject to the terms, conditions, exceptions and limitations of certain governing dock receipts, bills of lading, tariffs, charters, contracts of affreightment and/or service contracts by which the plaintiff(s) are bound.  Any loss, damage or shortage to the shipment/goods, which is denied, was due to a cause or causes for which defendant(s) is not liable by virtue of the terms of any such applicable dock receipts, bills of lading, tariffs, charters, contracts of affreightment and/or service contracts and defendant(s) is entitled to any and all defenses and rights provided for in same.

### SIXTH AFFIRMATIVE DEFENSE

7. The shipments/goods described in the Complaint were received, loaded, carried, discharged, and/or delivered subject to the terms, conditions, limitations, exceptions and exonerations of the United States Carriage of Goods by Sea Act ("COGSA") (46 U.S.C. 30701, Historical and Statutory Notes), formerly 46 U.S.C. §1300 *et seq.*, or other U.S. (federal or state) or foreign legislation pertinent to this carriage and/or the General Maritime Law and/or foreign

402347.1

law. If any loss, damage or shortage resulted to the shipment/goods, which is denied, it was due to a cause or causes for which defendant(s) is not liable by virtue of the terms of the aforementioned law and/or legislation.

### SEVENTH AFFIRMATIVE DEFENSE

8. Any loss or damage to the shipments/goods as alleged in the Complaint, which is denied, occurred due to a pre-shipment condition or inherent vice of the shipment/goods and/or when the shipment/goods were out of the care, custody and control of defendant(s).

### EIGHTH AFFIRMATIVE DEFENSE

9. Any cause of action asserted against HAPAG LLOYD is governed exclusively by the bill(s) of lading issued by HAPAG LLOYD or which would have been issued by HAPAG LLOYD in the ordinary course.

### NINTH AFFIRMATIVE DEFENSE

10. The liability of HAPAG LLOYD, if any and which is specifically denied, is limited by the applicable dock receipts, bills of lading, tariffs, charters, service contract, and/or COGSA's limitation of $500 per package, or if the goods are not shipped in packages, $500 per customary freight unit or other limitation as may be applicable to this shipment/goods under U.S. (federal or state) or foreign law.

### TENTH AFFIRMATIVE DEFENSE

11. Any loss or damage to the shipments/goods as alleged in the Complaint arose without HAPAG LLOYD'S actual fault or privity and without fault or negligence of its agents or servants or anyone for whom it is responsible, and therefore, HAPAG LLOYD cannot have any liability for such loss or damage.

### ELEVENTH AFFIRMATIVE DEFENSE

12. Plaintiff has failed to properly and fully mitigate its damages.

### TWELFTH AFFIRMATIVE DEFENSE

13. The Complaint fails to state a claim of action upon which relief can be granted.

### THIRTEENTH AFFIRMATIVE DEFENSE

14. This in an inconvenient and/or improper forum in which to bring the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

15. This Court lacks in personam jurisdiction over HAPAG LLOYD.

### FIFTEENTH AFFIRMATIVE DEFENSE

16. Insufficient and/or improper service of process over HAPAG LLOYD.

### SIXTEENTH AFFIRMATIVE DEFENSE

17. Due diligence was exercised on the part of HAPAG LLOYD to make the vessel(s) and its appurtenances seaworthy, and to make all other parts of the vessel(s) in which shipment/goods are carried, fit and safe for their reception, carriage and preservation of said shipment/goods.

### SEVENTEENTH AFFIRMATIVE DEFENSE

18. HAPAG LLOYD reserves the right to amend this Answer if and once additional information is obtained through discovery.

### EIGHTEENTH AFFIRMATIVE DEFENSE

19. HAPAG LLOYD reserves all of its rights to file additional Cross-claims, Counter-claims, and Third-Party Claims in the event its jurisdictional defenses are unsuccessful.

402347.1

### NINETEENTH AFFIRMATIVE DEFENSE

20. HAPAG LLOYD did not act in an outrageous manner, nor with willful and reckless disregard of Plaintiff's interests. Accordingly, plaintiff is not entitled to an award of punitive or exemplary damages.

### TWENTIETH AFFIRMATIVE DEFENSE

21. HAPAG LLOYD is not liable based upon a superseding and / or intervening action by others.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

22. HAPAG LLOYD reserves its right to add additional affirmative defenses that may arise during the discovery process.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

23. Plaintiff has failed to identify the damaged goods with particularity, the bill or bills of lading evidencing the contract of carriage for such goods and that any damage occurred to goods which were carried by HAPAG LLOYD.

WHEREFORE, Defendant HAPAG LLOYD prays:

(a) That the Complaint be dismissed together with costs and expenses incurred in defense of this action;

(b) That HAPAG LLOYD be awarded contribution and/or indemnification against co-defendants BLUE ANCHOR LINE, KUEHNE & NAGEL (IRELAND) INC. for any sums that may be adjudged against HAPAG LLOYD in favor of Plaintiff, together with costs, disbursements and reasonable attorneys fees;

(c) That the Court adjudge that HAPAG LLOYD have no liability for any of the matters alleged in the Complaint;

(d) That HAPAG LLOYD be awarded all costs including attorney's fees;

(e) That HAPAG LLOYD be awarded such other, further and different relief as may be deemed just, proper and equitable in the premises.

Dated: New York, New York
June 25, 2013

                        FREEHILL, HOGAN & MAHAR LLP
                        Attorneys for Defendants
                        Hapag-Lloyd Aktiengesellschaft

By: /s/ Michael Fernandez

Michael Fernandez
80 Pine Street
New York, New York 10005
(212) 425-1900
*fernandez@freehill.com*

TO: Alfred J. Will
Badiak & Will, LLP
Attorneys for Plaintiff
106 Third Street
Mineola, NY 11501-4404
(516) 877-2225
Fax: (516) 877-2230
*Email: awill@badiakwill.com*

Andrew Robert Spector
Arnall, Golden Gregory, LLP
Attorneys for Defendant
Blue Anchor Line
Museum Tower
150 West Flagler Street
Suite 2701
Miami, FL 33130
(305) 371-4244
Fax: 305 371 5930
*Email: andrew.spector@agg.com*

8

402347.1

Keuhne & Nagel (Ireland) Inc.
c/o Kuehne & Nagel Inc.
10 Exchange Place
Jersey City, NJ  07302

402347.1