UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
AFFILIATED FM INSURANCE COMPANY,

                Plaintiff,

vs.

BLUE ANCHOR LINE, KUEHNE+NAGEL
(IRELAND), INC. and HAPAG LLOYD
AKTIENGESLLSCHAFT d/b/a HAPAG
LLOYD,

                Defendants.
------------------------------------X

Civil Action No. 13-civ-2984

## **DEFENDANT, BLUE ANCHOR LINE'S ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM**

COMES NOW Defendant, BLUE ANCHOR LINE (hereinafter "BAL"), by and through its undersigned counsel and files this its Answer, Affirmative Defenses and Cross-Claim and states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth in the allegations set forth in Paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2.

3. Defendant BAL admits to the allegations contained in Paragraph 3 of the Complaint. As to HAPAG LLOYD AKTIENGESLLSCHAFT d/b/a HAPAG LLOYD, Defendant is without knowledge sufficient to form belief as to the truth of the allegations and therefore denies the allegations as to Defendant BAL as it only acted as a non-vessel operating common carrier.

4. Admitted as to Defendant Hapag Lloyd, denied as to BAL.

5. Denied as to Defendant BAL; denies knowledge and/or information sufficient to form a belief as to Hapag Lloyd.

6. Denied as to Defendant BAL; denies knowledge and/or information sufficient to form a belief as to Hapag Lloyd.

7. Denies knowledge and/or information sufficient to form a belief.

8.      Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant would show that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted. Specifically, but not inclusive, the subject Complaint fails to delineate sufficient specific factual support of breaches of any transportation services agreements, or specific instances of breach of negligent conduct in violation of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### Second Affirmative Defense

Plaintiffs have failed to perform the conditions precedent necessary for the maintenance of this action, including but not limited to failure to comply with notice of loss requirements and/or to satisfy any outstanding debts or obligations.

### Third Affirmative Defense

Defendant asserts that the subject claims are time-barred pursuant to applicable limitation of action provision, whether by treaty, statute or contract.

### Forth Affirmative Defense

Plaintiffs have failed to mitigate damages and its claims are therefore barred in whole or in part.

### Fifth Affirmative Defense

Defendant operates pursuant to Terms and Conditions of Service which expressly limits its liability based upon the types of services performed. Defendant operates under the terms and conditions as set forth in governing transport documents and/or as maintained on their website(s), invoices, etc., and claims the right and entitlement to all limiting and exculpatory provisions therein. Defendant provided services according to and in reliance upon said Terms and Conditions. Having performed said services to its full contractual obligation while relying upon said terms and conditions of service, Defendant are not liable with respect to any allegation of Plaintiff's Complaint as alleged; and/or their respective liability is limited.

### Sixth Affirmative Defense

Defendants would state that any loss or damage to the goods or other economic losses resulted from the acts or omissions of the carriers of the goods while said carriers were acting as agents for the shipper or consignee, for which acts or omissions Defendants have no liability.

### Seventh Affirmative Defense

Defendants would state that Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### Eighth Affirmative Defense

Defendants state that Plaintiff is not the owner of the subject cargo and lacks standing and real party in interest status to maintain the instant claim.

### Ninth Affirmative Defense

Defendant claims the benefit of all rights, limitations, and defenses provided by the Harter Act of 1893, 46 U.S.C. § 190 et seq. (46 U.S.C.S. §30701 et seq.) and the United State Carriage of Goods by Sea Act of 1936, 46 U.S.C. § 1300 et seq., (46 U.S.C.S. § 30701 et seq.), including, but not limited to **(a)** Act, neglect, or default of the master, mariner, pilot, or the servants of the carrier in the navigation or in the management of the ship; **(b)** Fire; **(c)** Perils, dangers, and accidents of the sea or other navigable waters; **(d)** Act of God; **(e)** Act of war; **(f)** Act of public enemies; **(g)** Arrest or restraint of princes, rulers, or people, or seizures under legal process; **(h)** Quarantine restrictions; **(i)** Act of omission of the shipper or owner of the goods, his agent or representative; **(j)** Strikes or lockouts or stoppage or restraint of labor from whatever cause; **(k)** Riots and civil commotions; **(l)** Saving or attempting to save life or property at sea; **(m)** Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality, or vice of the goods; **(n)** Insufficiency of packing; **(o)** Insufficiency or inadequacy of marks; **(p)** Latent defects not discoverable by due diligence; and (q) Any other cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier; all of which are incorporated herein by reference.

### Tenth Affirmative Defense

If the cargo sustained any loss or damage while on board the vessel(s) due to any unseaworthiness of the vessel, or other action or inaction on the part of Plaintiff, co-defendants, or third parties, Answering Defendant can have no liability for such loss or damage.

### Eleventh Affirmative Defense

Defendant states that the subject loss, if any, occurred due to the intervening, superseding, or concurring actions or inactions of third parties not under the control of Defendant, for which Defendant has no liability.

### Twelfth Affirmative Defense

Defendant also claims the right, entitlement and benefit to and of any and all liability limiting and exculpatory terms and conditions of other transportation intermediaries and/or logistics providers, whether parties or non-parties hereto.

### Thirteenth Affirmative Defense

Defendant specifically asserts the right and entitlement to liability limitations as set forth in any governing agreements.

### Fourteenth Affirmative Defense

Defendant states that Plaintiffs has failed to join necessary and indispensable parties to

this matter, including but not limited to insurers and real parties interest.

### Fifteenth Affirmative Defense

If the good(s) were damaged as alleged in Plaintiff's Complaint, which Defendant expressly denies, the damage was caused by or due to insufficiency of packaging, failure to discharge inspection protocols; or inadequacy of marks for which Defendant is not liable pursuant to the applicable provisions of the airway bill(s), tariffs, contracts of affreightment, and/or other documents for transport issued for the carriage of the shipment or under the applicable provisions of any controlling statutes, conventions, and/or treaties.

### Sixteenth Affirmative Defense

Any liability of Answering Defendant, such liability being specifically denied, is limited by the United States Carriage of Goods by Sea Act of 1936, 46 U.S.C. § 1300 et seq., (46 U.S.C.S. §30701 et seq.) and/or other applicable law to $500 per package or customary freight unit.

### Seventeenth Affirmative Defense

Defendant is entitled to all the benefits, protections, limitations and immunities contained in the applicable provisions of the airway bill(s), tariffs, contracts of affreightment, and/or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and/or treaties including but not limited to any applicable express liability limitation on the basis of $50.00 per shipment; $.050 cents per pound;  or $500.00 per package.

### Eighteenth Affirmative Defense

The maximum liability of Defendant, if any, is specifically limited as agreed to in the provisions of the way bill(s), tariffs, contracts of affreightment, and/or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and/or treaties. Defendant claims the rights and benefits thereunder. Defendant states that the damage sustained by Plaintiffs, if any, resulted wholly and solely from the fault, neglect and want of care of Plaintiffs or persons or parties other than Defendant, for whose acts said Defendant is not liable or responsible and is not the result of any negligence, breach of contract, fault or want of care on the part of Defendant, who faithfully discharged all of their duties.

### Nineteenth Affirmative Defense

Defendant asserts all defenses under its contract with the shipper and/or consignee including but not limited to breach of warranty on the part of Plaintiff; limitations of liability, notice of claim, force majeure and contractual time for suit provisions. Further invokes all indemnity provisions of the subject agreements arising out of Plaintiff's breach of warranty.

### Twentieth Affirmative Defense

Answering Defendant does not owe Plaintiff any duty or warranty under the law or

pursuant to contract and did not breach any duty or warranty.

### Twenty-First Affirmative Defense

In the event there is any loss of damage to the cargo as alleged in the Complaint, which is denied, such loss or damage arose or resulted from the condition of the cargo when delivered or from an inherent defect, quality or vice of the goods or insufficiency of packaging, or by act of omission of the shipper or owners of the goods, their agents or representatives, including but not limited to, acts or omissions of the shipper's representative at the ports of loading, transshipment and discharge and, therefore, Answering Defendants have no liability in this matter.

### Twenty-Second Affirmative Defense

If there was any loss or damage to the cargo as alleged in the Complaint, which is denied, such loss or damage arose or resulted from Plaintiff's failure to use due care under the circumstances in shipping or transporting the cargo, including but not limited to negligent stowage, and transportation of the cargo and failing to provide proper and/or adequate carriage and instructions, and, therefore, Answering Defendant is not liable.

### Twenty-Third Affirmative Defense

If there was any loss or damage to the cargo as alleged in the Complaint, which is denied, such loss or damage arose or resulted from the negligent packing, packaging, stuffing, inherent vice of the product and/or pre-existing damage unrelated to services provided by Defendant and/or labeling of the cargo by Plaintiff and/or its agents, or the Co-Defendant hereto.

### Twenty-Forth Affirmative Defense

To the extent applicable, Answering Defendant claims the benefit to all rights and defenses under the limitation statutes of the United States, particularly the Limitation of Liability Act, 46 U.S.C. app. § 183 et seq. (46 U.S.C.S. § 30501 et seq.).

### Twenty-Fifth Affirmative Defense

In the event there is any loss or damage to the cargo as alleged in the Complaint, which is denied, such loss or damage is the result of a peril of the sea and/or act of God for which Answering Defendants are not liable.

### Twenty-Sixth Affirmative Defense

Defendant claims all rights and protections under the bills of lading issued by the carrier for the subject shipments.

### Twenty-Seventh Affirmative Defense

If there was any loss or damage to the cargo as alleged in the Complaint, which is denied, such loss or damage arose or resulted from the negligence of the shipper and/or receiver.

At all times material hereto, Answering Defendant acted with reasonable care and did not

breach any duty.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's consent, approval and/or acceptance of the transactions which form the basis of the shipment involved in the Complaint filed in this matter.

### Reservation of Rights

Defendant reserves its right to add those defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery.

**WHEREFORE**, for each of the reasons set forth above, Defendant respectfully requests that this Court enter an Order dismissing the instant Complaint as it pertains to the instant Defendant, together with any other further relief the Court deems just and proper.

### CROSSCLAIMS AGAINST CO-DEFENDANT HAPAG LLOYD AKTIENGESLLSCHAFT d/b/a HAPAG LLOYD

Defendant, BLUE ANCHOR LINE (hereinafter referred to as "Crossclaimant") by and through its counsel, brings the following Cross-claim against Co-Defendant, HAPAG LLOYD AKTIENGESLLSCHAFT d/b/a HAPAG LLOYD (hereinafter referred to as "Cross-Claim Defendant") and states as follows:

1. Cross-claimant incorporates by reference its answers to all paragraphs of Plaintiff's Complaint and all Affirmative Defenses set forth in its Answer, as though fully set forth herein at length.

2. At all times material to the claim set forth in Plaintiffs' Complaint, upon information and belief Cross-Claim Defendant were vessel, vessel owners and/or common carriers alleged by Plaintiff in their Complaint to have caused in whole or in part the subject damages.

3. If the damages alleged in the Plaintiff's Complaint are proven at trial to be true, which is denied, then said damages were occasioned in whole or in part by the fault, negligence, breaches of contract, and/or breaches of warranty (express or implied) of Cross-Claim Defendants, their officers, agents, servants or employees and without the fault of negligence of Cross-claimant, its officers, agents, servants or employees, and Plaintiff should recover said damages directly from Cross-Claim Defendant.

4. If it is determined that Cross-claimant is somehow liable to the Plaintiff for the damages alleged in their Complaint, which is denied, then such liability derives in whole or in part from the fault, negligence, and/or breaches of express or implied warranties and/or contractual obligations and/or obligations imposed by treaty or statute by Cross-Claim Defendant, their officers, agents, servants or employees, and Cross-claimant should have recovery over and against and be indemnified by, or secure contribution from Cross-Claim Defendants for all such sums so recovered against Cross-claimant, inclusive of counsel fees and expenses.

5. Cross-Claimant is entitled to attorney's fees for the defense of this litigation and prosecution of the cross-claim herein by way of indemnification.

**WHEREFORE**, for each of the reasons set forth above, Cross-claimant demands judgment by way of indemnity or contribution over and against Cross-claim Defendant, jointly and severally, together with any other further relief the Court deems just and proper, including attorney's fees for the defense of the litigation and the prosecution of this cross-claim.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with *via the Court's ECF system,* which shall notify electronically all parties of record in this matter.

    Respectfully submitted,

    ARNALL GOLDEN GREGORY LLP
    *Attorney for the Defendant*
    Blue Anchor Line

    By: /s/ Andrew R. Spector
        Andrew R. Spector (ARS -3887)
        One Biscayne Tower.
        Two South Biscayne Boulevard, Suite 2690
        Miami, Florida 33131
        Telephone: (305) 537- 2000
        Facsimile: (305) 537- 2001
        E-mail: andrew.spector@agg.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 30, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specific, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/ Andrew R. Spector
       Andrew R. Spector (ARS -3887)

## SERVICE LIST

Case No.: 13- CIV- 2984
United States District Court, Southern District of New York

Alfred J. Will, Esq.
***Attorneys for Plaintiff***
Badiak & Will, LLP
106 Third Street
Mineola, New York 11501
Tel: (512) 877-2225
Email: awill@badiakwill.com
Served via CM/ECF Notice/Email

Michael Fernandez, Esq.
***Attorneys for Hapag Lloyd***
Freehill, Hogan & Mahar, LLP
80 Pine Street
New York, NY 10005
Tel: 212-381-3013
Email: Fernandez@freehill.com
Served via CM/ECF Notice/Email